■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD PARHAM, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the former County Court, Kings County, dated June 28, 1962, which denied after a hearing his application to vacate a judgment of said court, rendered February 24, 1961 on his plea of guilty, convicting him of maiming, and sentencing him to serve a term of 5 to 10 years. Order reversed on the law and the facts, and proceeding remitted to the Criminal Term, Supreme Court, Kings County, for the purpose of: (a) holding a new hearing before another Judge of the court, at which the testimony of the attorney (H. B. Brady, Esq.) who appeared for the defendant at the time he pleaded guilty, shall be adduced; and (b) making a determination *de novo* on the basis of all the proof submitted upon such new hearing. Defendant contends that he was induced to plead guilty upon the promise of the Assistant District Attorney, made with the knowledge and acquiescence of the court that he (the defendant) would be sentenced to serve a term of 2½ to 5 years; and that the court thereafter ignored this promise by imposing a sentence of 5 to 10 years. It appears that upon the commencement of the trial or immediately prior thereto the defendant offered to withdraw his prior plea of not guilty and to plead guilty to the crime of maiming to cover all counts of the indictment. The Assistant District Attorney recommended acceptance of such guilty plea. The court, however, rejected it because the defendant, at the same time that he offered the guilty plea, insisted upon denying his guilt. Thereupon, the Assistant District Attorney requested an opportunity to again talk to the defendant. After a recess the defendant again offered to plead guilty; and the Assistant District Attorney then declared that in his opinion a sentence of 2½ to 5 years would serve the ends of justice. The court stated that it was not bound by the Assistant District Attorney's recommendation and that the sentence would be "entirely up to" the court. Defendant then pleaded guilty without equivocation. Thereafter the court imposed a sentence of 5 to 10 years. Defendant did not appeal from the judgment imposing such sentence; instead, he initiated this *coram nobis* proceeding and the District Attorney consented to a hearing therein. Upon such hearing the defendant testified (a) that his trial lawyer had told him that he (the lawyer) had had a conversation with the Assistant District Attorney and with the Judge, in which a promise of a sentence of 2½ to 5 years had been made, should defendant plead guilty; (b) that in reliance thereon, defendant so pleaded; and (c) that at the time of sentence the court stated that, although he had promised a sentence of 2½ to 5 years, he was nevertheless imposing a sentence of 5 to 10 years. Defendant claimed that the latter statement was omitted from the transcript of the stenographic minutes of the sentence. The Assistant District Attorney denied the promise. He stated that the reason for his recommendation was that, since the complainant was totally incapacitated, he did not want to subject her to the ordeal of a court appearance. Defendant's trial attorney, to whom the alleged promise was made, was not called to testify at the hearing by the counsel who had been assigned to defendant for the purposes of the hearing. The newly assigned counsel for defendant on this appeal states that defendant's trial attorney has told him (the newly assigned counsel) that defendant's claims are true and that he (the trial attorney) is willing to so testify. The District Attorney in his brief states that, while counsel's statement concerning defendant's trial attorney is dehors the record, nevertheless the District Attorney has also spoken to the trial attorney, who stated that he "stands ready to testify" that the Trial Justice

had promised *him* (the trial attorney) that the sentence would not exceed a term of 2½ to 5 years. In our opinion, the crucial question at the hearing was whether the promise was made to defendant's trial counsel. He primarily was the one who could shed light on the question presented. Under the circumstances, the failure on the part of the court-assigned counsel to procure trial counsel to attend the hearing and to testify might be deemed to be inadequate representation (*People* v. *Tomaselli*, 7 N Y 2d 350, 356). While it is dehors the record for the defendant's assigned counsel on this appeal to state that the defendant's trial counsel has declared his willingness to testify that defendant's claims are true, nevertheless we are of the opinion that such statement should be considered in view of the District Attorney's similar statement with respect to the defendant's trial counsel. Under the unusual circumstances here presented, the interests of justice require that a new hearing be held before another Judge and that at such new hearing the testimony of the defendant's trial attorney should be adduced (cf. *People* v. *Entrialgo*, 19 A D 2d 509, affd. 14 N Y 2d 733). The District Attorney has consented to a new hearing. Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.